IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0987-04



 



JOHN GUZMAN TELLO, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


BRAZOS COUNTY





 Cochran, J., filed a concurring opinion.


O P I N I O N 



 I join the majority opinion. I write separately only to emphasize the fine, but marked,
legal line between civil negligence and criminal negligence.

 Civil or "simple" negligence "means failure to use ordinary care, that is, failing to do
that which a person of ordinary prudence would have done under the same or similar
circumstances or doing that which a person of ordinary prudence would not have done under
the same or similar circumstances." (1) And "ordinary care" means "that degree of care that
would be used by a person of ordinary prudence under the same or similar circumstances." (2) 

 Criminal negligence, however, requires a significantly greater degree of deviation
from this standard of ordinary care before a person may be held criminally liable. It must be
a "gross" or extreme deviation from that standard. And it is measured solely by the degree
of negligence, not any element of actual awareness. (3) Conduct that constitutes criminal
negligence involves a greater risk of harm to others, without any compensating social utility,
than does simple negligence. A person may be found criminally negligent when he
inadvertently creates a substantial and unjustifiable risk of which he ought to be (but is not)
aware. (4) And a jury must evaluate the defendant's failure of perception and determine
whether, under all the circumstances, it was serious enough to be condemned under the
criminal law. (5)

 Of course, as the risk of harm increases, so does the likelihood that the person will
actually be aware of the risk created by his or her conduct. Despite this increased likelihood
of awareness, criminal negligence does not require proof of the accused's subjective
awareness of the risk of harm. A person's prior "problems" with a car, truck, or trailer hitch
may be considered by the jury in determining whether a defendant's conduct is a gross
deviation from the standard of care that an ordinary person would exercise, but evidence of
such prior "problems" are neither necessary or sufficient by themselves to establish criminal
negligence. It is a defendant's awareness of the attendant circumstances, not his subjective
awareness of the risk of harm, that matters in criminal negligence. Thus, if an ordinary
person in appellant's position would check to ensure that a trailer was properly secured to his
truck with safety chains; that the ball on the bumper to which the trailer hitch was attached
was secure and properly attached; that the trailer hitch itself locked properly onto the ball;
and that a load of dirt was properly loaded toward the front of the trailer rather than over the
rear axle, then appellant's failure to check these items for the ordinary safe hauling of dirt
may suffice to establish a gross deviation from the ordinary standard of care. (6) This is true
even though appellant himself was subjectively unaware of the great risk of harm or death
caused by his failure to perform such safety measures. Criminal liability is imposed because
he should have been aware of the substantial risk of death that his failure to both note and
repair these numerous deficiencies entailed. (7) Had there been only a single deviation from
the ordinary standard of care, e.g., had appellant exercised ordinary care but for the failure
to attach a safety chain between the trailer and truck, then his conduct in "failing to properly
secure a trailer to his truck" might constitute mere simple civil negligence, not criminal
negligence. 

 With these comments, I join the majority.


Filed: December 7, 2005

Publish

 
1. Keetch v. Kroger Co., 845 S.W.2d 262, 271 (Tex. 1992) (Mauzy, J., dissenting)
(quoting Texas Pattern Jury Charge 65.01).
2. Id.
3. For example, if a grocery store sells unbagged grapes, one of them falls to the floor, and
a shopper then slips on that grape and falls to the floor, the grocery store might be held civilly
negligent for failing to be aware of the risk that its fallen grapes could cause a shopper to slip and
break a leg. It might be criminally negligent for that same grocery store to permit shoppers to
enter into the meat-cutting department knowing that the floor is covered with blood and meat
detritus and that the butchers are using unprotected automated meat saws, if a shopper slips and
falls into a band saw and is killed by its teeth. In both instances the manager may be subjectively
unaware of the risk of harm that fallen grapes and unprotected meat saws may create, but he is
aware of the circumstances (e.g., the grapes on the floor and the slippery blood underneath an
automated band saw), and he should have been aware of the moderate risk of harm in the first
case and the substantial and unjustifiable risk of death or serious bodily injury in the second. 
4. See Model Penal Code § 2.02 commentary at 240 (1985).
5. Id. at 241.
6. See id. at 243:

 When people have knowledge that conviction and sentence, not to speak of
punishment, may follow conduct that inadvertently creates improper risk, they are
supplied with an additional motive to take care before acting, to use their faculties
and draw on their experience in gauging the potentialities of contemplated
conduct. To some extent, at least, this motive may promote awareness and thus
be effective as a measure of control.
7. In this case, the prosecutor fully and accurately set out appellant's numerous deficient
acts in his closing statement, and he discussed the appropriate standard of care. See Court's op.
at pp. 9-10.